Kenton-Walker, Janet, J.
Following a hearing on August 11, 2009 on this Court’s order to show cause why sanctions should not be imposed against Walgreen’s Pharmacy (“Walgreen’s”), this Court finds that Walgreen’s failed to properly respond to a trial subpoena served pursuant to Mass.R.Civ.P. 45, is in contempt and shall be sanctioned in accordance with this order.
DISCUSSION & FINDINGS
Counsel for the plaintiff, Brenda Liseno, served a trial subpoena on a Walgreen’s Pharmacy in Webster, Massachusetts asking the Keeper of the Records to appear at the Worcester Superior Court and to bring with him or her all of the prescription bills incurred by the plaintiff from December 11, 2001 through July 22, 2009. A deputy sheriff from the Worcester County Sheriffs office served the subpoena in accordance with Mass.R.Civ.P. 45.
After service of the subpoena, counsel for the plaintiff spoke with representatives from Walgreen’s who informed her that the Webster pharmacy only maintained records dating back to 2007 and that earlier records would need to come from a central computer located at Walgreen’s corporate headquarters. Counsel contacted an individual who identified himself as the executive manager of pharmacies at Walgreen’s corporate headquarters. Counsel was told that Walgreen’s was not going to produce the records unless there was a warrant.
On July 24, 2009, plaintiffs counsel informed the Court of her discussions with the representatives from Walgreen’s and this Court issued a warrant to the Walgreen’s in Webster, Massachusetts. Acting in accordance with the orders of the Court, the Webster police served the bench warrant on Walgreen’s and an employee from the Webster Walgreen’s appeared before the Court with an envelope containing only a small portion of the documents requested. In addition, that employee identified herself as a senior beauty advisor and was not a manager of the store. She was told to “drop off some papers to the courthouse.” She had no knowledge of what the papers were, what they were for, nor could she authenticate them as being made and kept in the regular course of business, or that they were the record of the plaintiffs prescription bills. The Walgreen employee testified that she earned $10.00 per hour and that she would spend a total of two hours traveling to and from Walgreen’s in Webster and waiting in Court. She traveled approximately thirty-four (34) miles round trip in her own vehicle to deliver the documents to the courthouse.
Following the conclusion of the trial, this Court issued a notice to show cause to Walgreen’s to appear on August 11, 2009 regarding Walgreen’s failure to respond to the trial subpoena. Appearing through its counsel, Walgreen’s argued that sanctions should not be imposed because the subpoena was served at the last minute requiring Walgreen’s to produce documents in less than ten days, which was not a reasonable time for Walgreen’s to comply. Counsel also argued that service was inadequate because only the Webster pharmacy was served and not the resident agent of Walgreen’s in Massachusetts.
The Court is not impressed with Walgreen’s responses. While those arguments may have been the basis for a motion to quash or protective order under Mass.R.Civ.P. 45(b), Walgreen’s failed to seek any such protection from the Court. Rather, Walgreen’s openly refused to comply with the subpoena, and defiantly *104 stated that it would neither deliver the documents or a keeper of the record without a warrant. As a result of Walgreen’s refusal to honor the subpoena, the plaintiff incurred $62.62 for the sheriff and witness fees and $400 in attorneys fees in serving the subpoena and speaking with Walgreen’s corporate representative in counsel’s attempt to obtain the required documents. In addition, the Superior Court clerk’s office, the Worcester County District Attorney’s office and the Webster Police department were all required to prepare and serve the warrant that Walgreen’s required. Further, the court reporter’s services were enlisted in order to record the matter and prepare a transcript, at a cost to the Court of $221.00. The Walgreen employee also incurred costs for traveling to and from the courthouse. Finally, the trial was delayed and the jury, Court, parties, witnesses, and counsel were seriously inconvenienced by Walgreen’s contemptuous behavior.
The Court finds that Walgreen’s has not provided an adequate excuse for failing to obey the subpoena as required by Mass.R.Civ.P. 45(f), and further finds Walgreen’s in contempt of the court. It is hereby ORDERED:
1. Walgreen’s will pay to Attorney Karen Stem, counsel for the plaintiff, the sum of $462.62, representing the attorneys fees and costs incurred by the plaintiff;
2. Walgreen’s will pay Christine Caouette, the Walgreen’s employee who appeared in Court on July 24, 2009, the sum of $38.70, representing the two hours of time Ms. Caouette spent in responding to the bench warrant at $10.00 per hour and $18.70 in mileage (34 miles at $.55/mile as per IRS rates). In addition, if Ms. Caouette incurred any parking expense, Walgreen’s will reimburse her for that amount as well;
3. Walgreen’s will pay to the Court the cost of the court reporter and the transcript of $221.00;
4. As further sanction, Walgreen’s will pay to the Court the amount of $550.00.
All amounts will be paid on or before September 30, 2009 and Walgreen’s will report to this Court by appropriate affidavit that all payments have been made.